**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM HARBOUR, | : | CIVIL ACTION NO. 10-1254 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| SUPER EXTRA, et al., | : | |
| Defendants. | : | |

   **THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Application.) The Court, based upon the assertions in support thereof, will (1) grant the Application, and (2) direct the Clerk of the Court to file the Complaint. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

   **THE PLAINTIFF**, in the handwritten Complaint, asserts that (1) a "security officer" confronted him when the plaintiff's friend attempted to steal soap from a supermarket, and (2) the security officer punched and injured the plaintiff during the confrontation. (Dkt. entry no. 1, Compl. at 1.) He appears to name the supermarket and security officer as defendants. (Id.)

   **THE COURT** lacks subject matter jurisdiction pursuant to Section 1332. The plaintiff is a New Jersey citizen, and he

alleges that the supermarket is a New Jersey citizen.  (Id., Ex. A, "Sample Complaint"; id., Ex. B, Civil Cover Sheet.)  Thus, complete diversity of citizenship is lacking.  See 28 U.S.C. § 1332(a).  The Court also notes that the plaintiff fails to allege the security officer's citizenship and the amount in controversy.

   **THE PLAINTIFF** does not assert a cause of action that falls under the Court's subject matter jurisdiction pursuant to Section 1331.  See Mackay v. Keenan Mercedes Benz, 340 Fed.Appx. 127, 127 (3d Cir. 2009) (affirming dismissal of complaint not alleging violation of federal statute or Constitution); Scibelli v. Lebanon County, 219 Fed.Appx. 221, 222 (3d Cir. 2007) (dismissing appeal from order dismissing complaint merely alleging defendant caused "injuries" for failure to allege federal constitutional or statutory basis for relief).  Also, there can be no liability under 42 U.S.C. § 1983 here, as the defendants are not state actors.  See Boyd v. Pearson, 346 Fed.Appx. 814, 816 (3d Cir. 2009) (affirming order dismissing complaint where defendant was not state actor); Malarik v. Dinunno Enters., 157 Fed.Appx. 536, 537 (3d Cir. 2005) (affirming order dismissing complaint, as "no federal question is presented by a personal injury lawsuit that alleges only common law torts against a private party, and does not allege a deprivation of federal constitutional rights or the elements of a cause of action under a federal statute").  42 U.S.C. § 1983 does not cover merely private conduct, no matter

how wrongful.  St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006).

**THE COURT** will dismiss the Complaint for being frivolous and failing to state a claim on which relief may be granted.  But the Court will do so without prejudice, and grant the plaintiff leave to recommence the action in state court to the extent that it asserts causes of action under state law.  See 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal claims); see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007) (concerning state law claims surviving dismissal for lack of jurisdiction under Section 1332).  The Court will issue an appropriate Order and Judgment.

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  March 15, 2010